I adhere to the views I expressed in Ex parte McInish, [Ms. 1060600, Sept. 5, 2008] 47 So.3d 767 (Ala. 2008) (Lyons, J., concurring in part in the rationale and dissenting from the judgment):
 "I would reverse the judgment of the Court of Civil Appeals and remand the case with instructions to that court to affirm the judgment of the trial court. I agree with Judge Crawley's dissenting opinion:
 "`In this case, although Dr. Meyer, KGS's authorized physician, determined that McInish's condition was not related to his employment, Dr. Kelsey stated that McInish's neck problems were "consistent with" the cumulative trauma described by McInish. In addition, McInish's physique had drastically changed from when he started working for KGS to the time of trial, and testimony indicated that the onset of McInish's symptoms of his condition occurred during his employment with KGS, where he was subjected to violent vibrations. The resolution of conflicting evidence as to medical causation is the province of the trial court, not the appellate courts, and based on the totality of the evidence the trial court could have reasonably found that McInish presented clear and convincing evidence indicating that his disability arose out of his employment.'
"I must therefore respectfully dissent from the judgment."
COBB, C.J., concurs.